NOT FOR PUBLICATION               (Doc. Nos. 14 & 15)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Jane MITCHELL, | |
| Plaintiff, | Civil Action No. 12–6228 (RBK) |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY | |
| Defendant. | |

**KUGLER,** United States District Judge:

This matter comes before the Court upon Plaintiff Jane Mitchell's motion for $4,076.50 in attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). For the reasons stated herein, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE.**

On September 23, 2013, this Court remanded Plaintiff's case for a new administrative hearing and decision (Doc. No. 10). On October 21, 2013, Plaintiff moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 412 (Doc. No. 11). The parties reached a settlement agreement on October 21, 2013 (Doc. No. 12), and subsequently executed a Consent Order for Payment of Attorney's Fees under the EAJA on February 6, 2014 (Doc. No. 13). The Consent Order stipulated that Plaintiff be awarded $1,237.50 in attorney's fees and $350.00 in costs pursuant to the EAJA, 28 U.S.C. § 412.

On December 22, 2014, Plaintiff filed this Motion for Attorney's Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b) (Doc. No. 14). Plaintiff asserts that following the Court's

1

remand for an administrative hearing, the Commissioner awarded Plaintiff "over $42,000" in retroactive Social Security Disability benefits and that the Commissioner withheld $14,076.50 (25%) for attorney's fees. Pl.'s Br. at 1. Plaintiff thus requests attorney's fees in the amount of $4,076.50, which Plaintiff states represents "approximately 9% of past-due benefits," and "which is less than the contractual contingency fee of 25%." *Id.* Plaintiff states that upon receipt of the fee, Plaintiff's counsel will remit the $1,273.50 fee awarded to Plaintiff under the EAJA.[1] *Id.* at 1–2.

Section 406(b)(1)(A) of the Social Security Act indicates that where a court renders favorable judgment to a claimant who was represented before the court by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Supreme Court has indicated that contingent fees may be awarded under this statute, but that courts must conduct an independent review to determine the reasonableness of such fees within this 25 percent cap. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

Plaintiff did not provide to the Court the administrative record subsequent to this Court's remand, the Commissioner's December 18, 2014 Notice of Award, or the December 22, 2014 supplemental Notice, which clarified the withheld past due amount. *See* Pl.'s Br. & n.1. Without these documents, the Court cannot determine the reasonableness of the fee request. *See Gisbrecht*, 535 U.S. at 808. Furthermore, the Court requests that counsel provide a copy of the

---

[1] The Supreme Court held that where the Government pays attorney's fees under both the EAJA and § 406(b), the claimant's attorney must refund the amount of the smaller fee to the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

contingent-fee agreement and a statement of counsel's normal hourly billing charges for noncontingent-fee cases. *See id.* ("the court may require the claimant's attorney to submit . . . a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases").

For the foregoing reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.[2]

Dated:   10/20/2015                                                                 s/ Robert B. Kugler

                                                                                                                   ROBERT B. KUGLER

                                                                                                                   United States District Judge

---

[2] Plaintiff also filed a Motion to Strike the Final Page of Plaintiff's Motion for Attorney's Fees Pursuant to the Social Security Act, having inadvertently attached an unrelated order (Doc. No. 15). Plaintiff's Motion to Strike is **DENIED AS MOOT.**